UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| KAREN JACKSON<br>*Plaintiff*, | )<br>)<br>) | 3:19-CV-1171 (KAD) |
| v. | )<br>) | |
| KIDS IN CRSIS, INC.<br>*Defendant*. | )<br>) | September 26, 2019 |

## **ORDER OF REMAND**

Kari A. Dooley, United States District Judge

On August 22, 2019, this Court, after reviewing the Complaint, directed the pro se Plaintiff to file a notice with the Court indicating whether, if at all, she asserts claims arising "under the Constitution, laws or treaties of the United States", and if so, to specify the federal claims she purports to assert. *See* ECF No. 16. It appeared to the Court that the matter may have been improperly removed to federal court and that the Court lacked subject matter jurisdiction over the case. The deadline for the Plaintiff's submission was September 5, 2019. The Plaintiff did not comply with the Court's directive.

Unlike state courts, "the federal courts are only empowered to hear cases specifically authorized by the Constitution or statute." *Citibank, N.A. v. Swiatkoski,* 395 F. Supp. 2d 5, 8 (E.D.N.Y. 2005) (citing *Kokkonen v. Guardian Life Ins. Co. of Am.,* 511 U.S. 375, 377 (1994)). The district courts "have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States," 28 U.S.C. § 1331, or "where the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." 28 U.S.C. § 1332(a). The issue of subject matter jurisdiction is not waivable and may be raised at any time, including by the court, *sua sponte. Lyndonville Sav. Bank & Trust*

*Co. v. Lussier,* 211 F.3d 697, 700 (2d Cir. 2000). Where a court lacks subject matter jurisdiction, dismissal is mandatory. *Id.* (citing *Bender v. Williamsport Area Sch. Dist.,* 475 U.S. 534, 541 (1986)); *see also* Fed. R. Civ. P. 12(h)(3).

As the Court previously observed, there is no diversity jurisdiction here. *See* ECF No. 16. Thus, the only other avenue through which the Court can adjudicate this case is federal question jurisdiction. The Court's review of the Complaint reveals no plausibly alleged or colorable federal claim, and the Plaintiff's failure to assert such a claim in response to the Court's Order confirms this assessment. *See Arbaugh v. Y7H Corp.,* 546 U.S. 500, 513 n.10 (2006) (holding that a court may dismiss a case for lack of subject matter jurisdiction if there is no "colorable claim" to invoke federal question jurisdiction). "Whether a claim 'arises under' federal law must be determined by reference to the 'well-pleaded complaint.'" *Merrell Dow Pharm. Inc. v. Thompson*, 478 U.S. 804, 808 (1986) (citation omitted) (finding that removal was improper where complaint did not assert claims under federal law).

Here, the Complaint challenges the threatened removal of the Plaintiff's child from the Defendant's shelter facility. The Plaintiff, in her single page Complaint claims that the Defendant "violated my religious civil rights" but does not indicate whether the claims are brought pursuant to the state Constitution, the federal Constitution or some other law. There is no other reference in the Complaint which might suggest the assertion of a federal constitutional claim. *See Book v. Mortg. elec. Registration Sys*., 608 F. Supp. 2d 277, 283 (D. Conn. 2009) ("Merely referencing a constitutional right is not sufficient to confer subject matter jurisdiction."). The Court recognizes that the Plaintiff also filed an Application for Temporary Injunction in which she cites United States Supreme Court cases which discuss parents' constitutionally protected interest in the care, custody and management of their children. But

these references, untethered to any allegation in the Complaint, and contained only in a motion, cannot confer federal question jurisdiction upon the Court.

Accordingly, the Complaint must be remanded back to state court because it contains no claim that would confer jurisdiction upon this Court pursuant to its federal question or diversity jurisdiction. *Atkins-Payne v. Alterman*, No. 14-CV-4066 ENV LB, 2014 WL 4388597, at *2 (E.D.N.Y. Sept. 5, 2014). The Clerk of the Court is directed to remand this matter back to the Superior Court for the judicial district of Fairfield, at Bridgeport, and to thereafter close this case.

**SO ORDERED** at Bridgeport, Connecticut, this 26th day of September 2019.

        */s/ Kari A. Dooley*
        KARI A. DOOLEY
        UNITED STATES DISTRICT JUDGE